

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*S-214*
*nature conflict*

March 16, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-378

                             Re: What is the meaning of the word
                                 "charge" as used in Article
                                 7047f, R.C.S.?

Our attention is directed to Article 7047f (a), Revised Civil
Statutes, which reads as follows:

> "Every person, firm, or corporation conducting a
> theatre, place of amusement, or any business enterprise
> in connection with the operation of which a prize in
> the form of money or something of value is offered or
> given to one or more patrons of such theatre, place of
> amusement, or business enterprise, and not given to all
> patrons thereof paying the same charge for any certain
> service, commodity, or entertainment, shall make a
> verified monthly report on the twenty-fifth day of each
> month of the Comptroller of Public Accounts of the State
> of Texas, showing the amount of money so given in prizes,
> and the value of all prizes or awards so given in
> connection with such business during the next preceding
> month."

Article 7047f (b) then provides for a 20% tax on such prizes.

Since, under the express terms of Article 7047f, (a), no tax
is due where the person receiving the prize has paid a charge
additional to that paid by other patrons, it becomes necessary
in every instance to ascertain whether such additional "charge"
has been paid within the meaning of the statute.

In order to avoid the necessity of requesting our opinion on
each individual case as it arises, you request our opinion as
to the meaning of the word "charge" as used in the foregoing
Article.

The word under consideration has many different meanings.
There is the charge of the court. There was Pickett's famous
charge, and that of the Light Brigade. A man bequeaths a piece

of land to a daughter, but there is a charge against it in
favor of a son. A jailer has charge of a group of citizens
against each of whom is a serious charge brought by the
grand jury. One man is charged with the duty of administering
to another a charge of electricity that will eliminate the
victim as a charge upon society. There follows a burial
charge.

We quote from Reese v. Pennsylvania R. Co., 6 L.R.A. 529
Pa., as follows:

> "'Charge' is a word of very general and varied use.
> Webster gives it thirteen different meanings, none of
> which, however, expresses the exact sense in which it
> is used in this charger. The great dictionary of the
> Philological Society, now in course of publication, gives
> it twenty separate principal definitions, besides a
> nearly equal number of subordinate variations of meaning.
> Of these definitions one (10 b) is: 'The price required
> or demanded for service rendered, or (less usually) for
> goods supplied,' and this expresses accurately the
> sense of the word in the present case. The essence of the
> meaning is that it is something required, exacted or
> taken from the traveler as compensation for the service
> rendered, and, of course, something taken permanently,
> not taken temporarily and returned."

Since the above opinion, Webster has expanded his vocabularly
and his New International gives the word twenty three
different meanings, of which Number Twelve is about the
same as the definition embodied in the above case.

In general usage the word "charge" has one meaning which is
about the same as "consideration" (when such last mentioned
word is used in connection with contracts). We think the
word "consideration" could have been used in the statute
here involved without any change in meaning.

The word as so used might include money, or any other article
of value. It might include skilled or unskilled labor, a
poem, essay or motto. It could be a painting or other piece
of art. In short, anything of value would suffice. On the
other hand, the delivery of something of no value or the
performance of merely a perfunctory act, such as signing a
name to a register involving no obligation, would not be
sufficient. It must be a bona fide consideration passing
the receiver to the given of the prize, a consideration not

received by the giver from other patrons of his business.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By            Glenn R. Lewis
                         Assistant

GRL:N/cg

APPROVED

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS